**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Hutchinson,<br><br>                           Plaintiff,<br><br>v.<br><br>Marquee Fiduciary Advisors, LLC, a Minnesota limited liability company,<br><br>                           Defendants. | No. CV-13-01037-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Marquee Fiduciary Advisors' Motion to File and Retroactively Accept Notice of Removal on May 17, 2013. (Doc. 6.) For the reasons discussed below, the Motion is denied. Plaintiff Steve Hutchinson's Motion to Remand, (Doc. 10), is therefore granted and Marquee's Motion for Expedited Consideration, (Doc. 7), is denied as moot.

**BACKGROUND**

On April 12, 2013, Hutchinson filed a complaint in Maricopa County Superior Court against Marquee. (Doc. 6 at 1.) Marquee was served via certified mail on April 18, 2013. (*Id.*) On May 17, 2013, Marquee attempted to electronically file Notice of Removal. (*Id.*) Marquee submitted payment for the filing through the federal court system, (*id.* (Gonzales Aff.) ¶ 7), filed a Notice of Filing of Notice of Removal in state court, (*id.* ¶ 12), and mailed Hutchinson copies of the Removal Documents and Notice of Filing Notice of Removal, (*id.* ¶ 14). Although Marquee did attempt to e-file its Notice of Removal on May 17, it failed to successfully complete the filing, but only successfully accomplished paying the filing fee.[1] On May 21, Marquee received a voicemail from the

---

[1] The record is unclear as to whether the filing was unsuccessful due to operator error or technological error. (Doc. 6 at 9.)

court clerk notifying her that her electronic filing had not been completed. (*Id.* ¶ 18.) Marquee then re-uploaded the documents on May 21, 2013, one day after the Filing Deadline for removal. (Doc. 6 at 2.)

**DISCUSSION**

**I. LEGAL STANDARD**

Under 28 U.S.C. § 1446(b)(1), notice of removal "shall be filed within thirty days after the receipt by the defendant." This time limit is strictly construed against removal. *See U.S. ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) ("[time for removal] is imperative and mandatory, must be strictly complied with, and is to be narrowly construed"), *cert. denied*, 423 U.S. 849.

In certain circumstances, however, a filing can be "constructively filed" before the statutory deadline even if actual filing occurs after the deadline. *See Cintron v. Union Pacific R. Col.*, 813 F.2d 917, 921 (9th Cir. 1987) (accepting a complaint after the statute of limitations had run because the original timely complaint was denied by the clerk of the court for violating local rules). The Ninth Circuit has held that "a complaint is filed when it is placed in the actual or constructive custody of the clerk of the court, despite any subsequent rejection by the clerk of the pleading for noncompliance with a provision of the local rules." *United States v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1395 (9th Cir. 1986). The allowance for constructive filing prevents local rules from acquiring jurisdictional significance. *See Smith v. Frank*, 923 F.2d 139, 142 (9th Cir. 1991) (recognizing that "[s]uch an interpretation would give the local rule an impermissible jurisdictional character").

The doctrine of constructive filing appeared in a removal setting in *GBJ, Ltd. v. Redman*, 521 F. Supp. 2d 1000 (2007). There, the clerk of the court rejected physical filing of Notice of Removal because a local rule required electronic filing. *Id.* at 1000. The defendant then filed electronically the next day. *Id.* at 1000–01. The court held that defendant constructively filed the notice by placing it "in the actual or constructive custody of the clerk of the court, despite any subsequent rejection by the clerk" and

accepted it as timely. *Id.* at 1001 (*citing Dae Rim Fishery Co.*, 794 F.2d at 1395).

## II. ANALYSIS

### A. Constructive Filing

Marquee had until Monday, May 20, 2013 to timely file Notice of Removal. *See* 28 U.S.C. § 1446(b)(1); (Doc. 6 (Gonzales Aff.) ¶ 6.) This filing deadline is mandatory and cannot be extended by the Court. *See Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979) (observing that "[t]he removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress").

The Notice of Removal was not filed, officially or otherwise, until May 21, 2013, after the deadline had passed. The Notice was never placed in the actual or constructive custody of the clerk of the court at any time before May 21. Constructive custody occurs when "a complaint . . . arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules." *Loya v. Desert Sands Unified Sch. Dist.,* 721 F.2d 279, 281 (9th Cir. 1983). Unlike *Cintron* and *Redman*, in which a filing was presented to the clerk of the court and subsequently rejected for violation of a local rule, Marquee's Notice of Removal was never presented to, nor rejected by, the clerk of the court. No filing was ever received by the court. The Notice of Filing Notice of Removal that Marquee submitted in state court and its payment of the fee in this Court do not amount to a filing of the Notice with the clerk, a critical fact that distinguishes this case from *Cintron* and *Redman*. Moreover, *Cintron* and *Redman* rested on the notion that a mere local rule should not acquire jurisdictional significance. Had Marquee avowed that it had followed all necessary procedures and actually submitted the Notice of Removal, only to be thwarted by a fault in the Court's electronic filing system, there may have been grounds to apply the constructive filing doctrine. The situation would look much closer to *Cintron* and *Redman* because the documents would, for all practical purposes, have been transmitted to the Court and the error would be attributable to the Court rather than to Marquee. But Marquee does not provide facts sufficient to make such a determination. There can be little doubt that Marquee intended to file the notice on

May 17 in light of Marquee's other actions. But Marquee's failure to see the filing through to its completion is not adequate grounds on which it can invoke the constructive filing doctrine.

### B. Strict Construction in Favor of State Court Jurisdiction

28 U.S.C. § 1446(b)(1) states unequivocally that any Notice of Removal must be filed thirty days after receipt of initial pleading by the defendant. Any doubt arising from the interpretation of that time requirement must be strictly construed against removal. *See U.S. ex rel. Walker*, 511 F.2d at 1026. Accepting an untimely filing because of unusual circumstances in this instance runs afoul of the principle of strict construction.

### CONCLUSION

Marquee did not timely file its Notice of Removal. Because no such filing was ever timely submitted to the court, the doctrine of constructive filing is inapplicable.

**IT IS THEREFORE ORDERED** that Marquee's Motion to File and Retroactively Accept Notice of Removal on May 17, 2013, (Doc. 6), is **DENIED**.

**IT IS FURTHER ORDERED** that Hutchinson's Motion to Remand, (Doc. 10), is **GRANTED**. The Clerk of Court is directed to remand this matter back to the Maricopa County Superior Court and terminate this action.

**IT IS FURTHER ORDERED** that Marquee's Motion for Expedited Consideration, (Doc. 7), is **DENIED** as moot.

Dated this 29th day of July, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge